UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY (NEWARK)

| | |
|---|---|
| MARIA S. SARMIENTO<br>　　　　　Plaintiff,<br>　　　v.<br><br>FREDERICK J. HANNA & ASSOCIATES, P.C.<br>　　　　　Defendant(s). | Case No. 12-cv-3801-SDW-MDA |

TO:　　MARIA S. SARMIENTO
　　　　c/o ARYEH POMERANTZ
　　　　BENJAMIN NAZMIVAL LAW GROUP, P.C.
　　　　209 MAIN STREET, SUITE 3A
　　　　FORT LEE, NJ 07024

**PLEASE TAKE NOTICE**, that on the 6th Day of August, 2012, the undersigned attorneys for Defendant, Frederick J. Hanna & Associates, P.C. will make application to the United States District Court for the District of New Jersey, Martin Luther King Jr. Federal Building & Courthouse, 50 Walnut Street, Newark, New Jersey 07101, for an Order dismissing Plaintiff's Complaint pursuant to Rule 12(b)(6).

　　　　The undersigned shall rely on the attached Brief in support of this Motion.

　　　　　　　　　　　　　　　　Respectfully Submitted.
　　　　　　　　　　　　　　　　**MAURICE & NEEDLEMAN, P.C.**

　　　　　　　　　　　　　　　　*/s/ Joann Needleman*
　　　　　　　　　　　　　　　　Joann Needleman
　　　　　　　　　　　　　　　　935 One Penn Center
　　　　　　　　　　　　　　　　1617 JFK Blvd
　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　Direct (215) 789-7151
　　　　　　　　　　　　　　　　Fax (215) 563-8970
　　　　　　　　　　　　　　　　*Attorneys for Defendant, Frederick J. Hanna & Associates, P.C.*

Date:　July 3, 2012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY (NEWARK)

| | |
|---|---|
| MARIA S. SARMIENTO<br>            Plaintiff,<br>     v.<br><br>FREDERICK J. HANNA & ASSOCIATES, P.C.<br>            Defendant(s). | Case No. 12-cv-3801-SDW-MDA |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, FREDERICK J. HANNA, P.C.  MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6).**

Respectfully Submitted,
**MAURICE & NEEDLEMAN, P.C.**

*/s/ Joann Needleman*
Joann Needleman, Esq
935  One Penn Center
1617 JFK Blvd
Philadelphia, PA 19103
Direct (215) 789-7151
Fax (215) 563-8970
joann@mnlawpc.com
*Attorney for Defendant, Frederick J. Hanna & Associates,  P.C.*

# Table of Contents

I. PROCEDURAL AND FACTUAL ALLEGATIONS ............................................................. 5

II. ARGUMENT ........................................................................................................................ 6

    A. Standard of Review ........................................................................................................ 6

    B. Purpose of the Fair Debt Collection Practices Act ........................................................ 7

    C. Plaintiff has failed to State any Claim under the FDCPA ............................................. 9

        1. Plaintiff's Complaint must be Dismissed because Plaintiff has Failed to Allege that Debt was a "Debt" within the Meaning of 15 U.S.C. §1692a(5). .................................... 9

        2. Plaintiff fails to Allege any Facts of False or Misleading Representations Regarding Attorney Involvement. ............................................................................................... 11

        3. Plaintiff has Failed to Allege what the False or Misleading Representations were in the Letter ........................................................................................................................... 13

III. CONCLUSION .................................................................................................................. 16

**Cases**

*Abels v. JBC Legal Group, P.C.*, 428 F. Supp. 2d 1023 (N.D. Cal. 2005) . . . . . . . . . . . . . 13
*Anderson v. AFNI, Inc.*, 2011 U.S. Dist. LEXIS 51368 (E.D. Pa. May 11, 2011) . . . . . . . . . 9
*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10
*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), . . . . . . . . . . . . . . . . . . . . 6, 7, 10
*Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 8
*Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . 16
*Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294 (3d Cir. 2008). . . . . . . . . 8, 11
*Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006) . . . . . . . . . 8, 11
*Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
*Cohen v. Wolpoff*, 2008 U.S. Dist. LEXIS 77052 (D.NJ 2008) . . . . . . . . . . . . . . . . . . . . 14
*Crenshaw v. Computex Info. Servs.*, 2011 U.S. Dist. LEXIS 46309 (D.N.J. Apr. 29, 2011). . 13
*Davis v. Lyons, Doughty & Veldhuis, P.A.*, 2012 U.S. Dist. LEXIS 53665 (D. Del. Apr. 17,
    2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
*Dixon v. Golden-Masano-Bradley,* 228 Fed. Appx. 142 (3d Cir. 2007) . . . . . . . . . . . . . . . . 9
*Eddis v. Midland Funding,* LLC, 2012 U.S. Dist. LEXIS 22193 (D.N.J. Feb. 22, 2012) . . . . 12
*Fenn v. CIR Law Office*, 2011 U.S. Dist 69640 (E.D. Ca. 2011), . . . . . . . . . . . . . . . . . . . 10
*Foman v, Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) . . . . . . . . . . . . . . . 17
*Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . 10
*Giovanelli v. D. Simmons General Contracting,* 2010 WL 988544 (D.N.J. 2010) . . . . . . . . 10
*Gorbaty v. Portfolio Recovery Assocs., LLC,* 355 Fed. Appx. 580 (3d Cir. 2009) . . . . . . . . . 9
*Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
*Hawthorne v. Mac Adjustment,* 140 F.3d 1367 (11th Cir. 1998). . . . . . . . . . . . . . . . . . . . 9
*Hodges v. Sasil Corp.,* 189 N.J. 210 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
*Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289 (3d Cir. 1988) . . . . . . . . . . . . . 17
*Kapeluschnik v. Leschack & Grodensky, P.C.,* 1999 U.S. Dist. LEXIS 22883 (E.D.N.Y. 1999),
    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
*Lesher v. Law Offices of Mitchell N. Kay, P.C.*, 650 F.3d 993 (3d Cir. 2011) . . . . . . . 11, 12
*Martin v. Berke & Spielfogel,* 1995 U.S. Dist. LEXIS 4678 (E.D. Pa. 1995) . . . . . . . . . . . . 9
*Ogbin v. Citifinancial Mortg. Co.*, Inc., 2009 WL 4250036 (D.N.J. 2009) . . . . . . . . . . . . . 10
*Ortiz v. Equable et al*, 2012 U.S. Dist. LEXIS 69669 (D. N.J, May 17, 2012, Civil Action  No
    11-5959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
*Philips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . 17
*Rodriguez v. Blatt, Hasenmiller, Leibsker & Moore*, LLC, 2009 U.S. Dist. LEXIS 23044 (N.D.
    Ill. March 10, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
*Rusello v. United States*, 464 U.S. 16 (1983)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
*Savino v. Computer Credit, Inc.*, 164 F.3d 81 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . 11
*Sturdevant v. Thomas E. Jolas, P.C.*, 942 F. Supp. 426 (W.D. Wis. 1996). . . . . . . . . 13, 14
*United States v. National Fin. Servs.*, 98 F.3d 131 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . 8
*Veillard v. Mednick,* 24 F. Supp. 2d 863 (N.D. Ill. 1998) . . . . . . . . . . . . . . . . . . . . . . . . 13
*Wahl v. Midland Credit Mgmt.*, 556 F.3d 643 (7th Cir. 2009), . . . . . . . . . . . . . . . . . . . . 8
*Wilson v. Quadramed Corp.*, 225 F.3d 350 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . 7, 8
*Zimmerman v. HBO Affiliate Grp.,* 834 F.2d 1163 (3d Cir. 1987); . . . . . . . . . . . . . . . . . . 9

**Statutes**

15 U.S.C. § 1692 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
15 U.S.C. § 1692a(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
15 U.S.C. § 1692a(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7,9,10
15 U.S.C. § 1692a(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7,10
15 U.S.C. § 1692(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
15 U.S.C. § 1692e(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,11,12,15,17
15 U.S.C. § 1692e(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,13,15,16,17
Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

Defendant, Frederick J. Hanna & Associates, P.C., ("Hanna"), respectfully submits this Memorandum of Law in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## I.     PROCEDURAL AND FACTUAL ALLEGATIONS

On or about May 18, 2012, the above entitled action was commenced, by the filing of a Civil Action against Hanna in the Superior Court of New Jersey, Essex County Law Division, Special Civil Part, Case No. DC-012431-12 (the "State Court Action").  The State Court Action was timely removed to this Court. (*See Doc No. 1 at Exhibit A; Plaintiff's Complaint*).

Plaintiff's complaint alleges that Hanna violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.) (the "FDCPA") by the sending of a letter to the Plaintiff on Hanna's law firm letter head. *Complaint, ¶¶8,9*.   Plaintiff acknowledges that Hanna is a law firm. *Complaint, ¶ 9*.  The letter was not attached to the Plaintiff's complaint nor was the substance or contents of the letter articulated anywhere in the Plaintiff's allegations. Nevertheless as the result of this non-descript letter sent to the Plaintiff, Plaintiff alleges that Hanna has committed violations of the FDCPA namely §§ 1692e(3) and (5).

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. . ." 15 U.S.C. 1692(e). The FDCPA prohibits a debt collector from using "any false, deceptive or misleading misrepresentations or means in connection with the collection of any debt" including "the false representation or implication that any individual is an attorney or that any communication is from an attorney" as well as "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken". 15 U.S.C. §§ 1692e(3), 1692e(5) (emphasis added).

Plaintiff's allegation in the form of legal conclusions states that the letter gave him the impression that Hanna was acting in its legal capacity when it sent the letter, even though Hanna was not acting in such capacity. *Complaint, ¶¶11,12*. Furthermore, Plaintiff concludes that Hanna violated §§ 1692e(3) & (5) of the FDCPA because the letter was misleading and deceptive by falsely raising the specter of potential legal action. *Complaint, ¶13*. Despite the foregoing, Plaintiff's Complaint provides no facts to support any of these claims.

In the context of the FDCPA claims, Plaintiff simply alleges that Hanna is a "debt collector," that Plaintiff is a "consumer," that Hanna attempted to collect a "debt" by having "communicated" with Plaintiff. However, like the conclusions above, no facts are alleged to support these legal conclusions. As this brief will demonstrate, it is a prerequisite to any FDCPA claim to assert facts which demonstrate that the "debt" which is the object of the collection activity is the type of debt which falls within 15 U.S.C. § 1692a(5) and that the Defendant is a "debt collectors" within the meaning of 15 U.S.C. § 1692a(6). Furthermore, without knowing what the substance of the letter said, it would be impossible to determine whether the "communication" conveyed any information regarding the alleged debt, let alone whether said communication was false or deceptive. Plaintiff simply fails to allege what were the false or misleading representations other than the sending of a single letter. Her complaint fails to state any claim as a matter of law.

## II.　ARGUMENT

### A.　Standard of Review

The standard for a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) was set forth in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007), where the Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citations omitted). Although the plaintiff is to be afforded every reasonable inference of fact, the plaintiff must establish that it is legally entitled to the relief requested in its complaint. As *Twombly* suggests, "something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people' . . . . So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly,* 127 S. Ct. at 1966 (citations omitted).

A complaint that contains no more than legal conclusions is not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Likewise, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Here, Plaintiff has failed to provide any "well-pleaded factual allegations", which would entitle him to any relief under the FDCPA. This "largely groundless claim" is not entitled to an assumption of truth and should be dismissed now at the pleadings stage in order to save the time and resources of the Court and parties.

### B.     Purpose of the Fair Debt Collection Practices Act

Congress enacted The Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, et seq., "to eliminate abusive debt collection practices [by debt collectors]." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000), quoting 15 U.S.C. §§ 1692a and 1692e. The FDCPA regulates "communications" (as defined in §1692a(2)) by "debt collectors" (as defined by §1692a(6)) in their attempts to collect "debts" (as defined by §1692a(5)) from

7

"consumers" (as defined by §1692a(3)).

Whether a communication between a debt collector and a consumer runs afoul of the FDCPA is analyzed from the perspective of the "least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). This standard requires the court "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Clomon*, 988 F.2d at 1318. The standard is employed to "ensure that even the least sophisticated debtor is able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process." *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1171 (9th Cir. 2006).

However, although the analysis under this standard is designed to protect consumers it also guards against "bizarre or idiosyncratic interpretations . . . and preserves a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson,* 225 F.3d at 354 (citing *United States v. National Fin. Servs.*, 98 F.3d 131, 136 (4th Cir. 1996) (quoting *Clomon*, 988 F.2d at 1319)). More recently, the 3rd Circuit instructed that "although established to ease the lot of the naive, the standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008).

In *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645-646 (7th Cir. 2009), the court held that the "unsophisticated consumer isn't a dimwit. She may be 'uninformed, naive, [and] trusting,' but she has 'rudimentary knowledge about the financial world' and is 'capable of making basic logical deductions and inferences.'" (citations omitted). In construing the "least

sophisticated debtor" to be a person capable of reading a letter in its entirety and with care, it combats "the proclivity of some lawyers to seize on nonmaterial minutiae in an effort to grasp the brass ring of attorneys' fees that are awardable to successful plaintiffs under the [FDCPA]. *Rodriguez v. Blatt, Hasenmiller, Leibsker & Moore*, LLC, 2009 U.S. Dist. LEXIS 23044, *10 (N.D. Ill. March 10, 2009).

### C. Plaintiff has failed to State any Claim under the FDCPA

#### 1. Plaintiff's Complaint must be Dismissed because Plaintiff has Failed to Allege that Debt was a "Debt" within the Meaning of 15 U.S.C. § 1692a(5).

"A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" *Zimmerman v. HBO Affiliate Grp.,* 834 F.2d 1163, 1167 (3d Cir. 1987); *Hodges v. Sasil Corp.,* 189 N.J. 210, 222 (2007) ("In resolving whether a law firm that regularly engages in summary dispossess actions may be a debt collector under the FDCPA, we first must determine what constitutes a 'debt.'"). "By the plain terms of the statute, not all obligations to pay are considered 'debts' subject to the FDCPA." *Hawthorne v. Mac Adjustment,* 140 F.3d 1367, 1371 (11th Cir. 1998). Within the Third Circuit, to sustain a claim under the FDCPA, the plaintiff must demonstrate the alleged debt falls within the meaning of §1692a(5). See, e.g., *Dixon v. Golden-Masano-Bradley,* 228 Fed. Appx. 142, 144 (3d Cir. 2007) (dismissing plaintiff's FDCPA claim because the loan was conditioned on an agreement that plaintiff use the money only for business purposes); *Gorbaty v. Portfolio Recovery Assocs., LLC,* 355 Fed. Appx. 580, 581 (3d Cir. 2009) (same) cert. den., 2010 U.S. LEXIS 3450 ; *Martin v. Berke & Spielfogel,* 1995 U.S. Dist. LEXIS 4678, at *11, (E.D. Pa. 1995); *Anderson v. AFNI, Inc.,* 2011 U.S. Dist. LEXIS 51368, at *35-*36 (E.D. Pa. May 11, 2011) (citing *Gorbaty and Martin*).

Here, Plaintiff provides no facts to support any conclusion that the debt, which is the subject of her complaint was for "money, property, services or insurance" or if it was incurred for personal, family or household purposes. § 1692a(5).  *Complaint, ¶7*. These same deficiencies were examined in the case of *Fenn v. CIR Law Office*, 2011 U.S. Dist 69640 (E.D. Ca. 2011), where the Court granting a motion to dismiss held:

> Plaintiff alleges that she incurred a financial obligation to a creditor for services that "were primarily for family, personal or household purposes" and that met the definition of "debt" in *15 U.S.C. § 1692a(5)*. **These allegations are legal conclusions, not facts.** Factual allegations would set forth information supporting the legal standard, that is, that Plaintiff became indebted to Target National Bank in the amount of $2651.58 for whatever specific goods or services she purchased there. Those specific facts would enable the jury to conclude that Plaintiff had incurred a consumer debt of the type addressed by FDCPA. Similarly, the amended complaint pleads the legal conclusion that Defendant is a debt collector within the statutory definition (*15 U.S.C. § 1692a(6)*) but does not allege specific facts supporting that conclusion.

[Emphasis added]. *Id.* at *7-8.

Like *Fenn*, Plaintiff here also fails to provide the necessary facts to state her claim. Under the circumstances, Plaintiff has failed to establish a necessary element of a claim under the FDCPA. Under *Towmbly* and *Iqbal*, Plaintiff's FDCPA claim as a whole must fail and Plaintiff's complaint must be dismissed with prejudice as a matter of law. [1]

---

1 This Court should reject any request by the Plaintiff for discovery as same cannot serve as basis to deny a defendant's motion to dismiss. The filing of a motion to dismiss serves to protect a defendant from being subjected to discovery, during which time a plaintiff hopes that facts will be unearthed to support plaintiff's speculation. *See, e.g.*, *Giovanelli v. D. Simmons General Contracting,* 2010 WL 988544, *5 (D.N.J. 2010) ("Discovery cannot serve as a fishing expedition through which plaintiffs search for evidence to support facts they have not yet pleaded."); *Ogbin v. Citifinancial Mortg. Co.*, Inc., 2009 WL 4250036, *2 (D.N.J. 2009) (same). The Federal Rules of Civil Procedure do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal* citing *Twombly*, 550 U.S. at 556-57); *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210-11 (3d Cir. 2009) (adopting *Twombly* and *Iqbal*).

> 2. *Plaintiff fails to Allege any Facts of False or Misleading Representations Regarding Attorney Involvement.*

"Generally, collection notices that are found to be deceptive contain confusing or contradictory language about the consumer's rights." *Savino v. Computer Credit, Inc*., 164 F.3d 81, 85 (2d Cir. 1998) (quoting *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991)). Any action which would, for example, encourage or cause the least sophisticated consumer to ignore or waive rights, violates the FDCPA. *Clark v. Capital Credit*, 460 F.3d at 1171. This prohibition against false, deceptive and misleading communications is found in §1692e. Similarly, §1692e(3) prohibits the "false representation or implication that any individual is an attorney or that any communication is from an attorney."

However, Plaintiff acknowledges that the Letter came from Hanna and that they are a law firm. Plaintiff makes no allegation as to how or in what manner the text of the letter gave her the impression that Hanna was not acting in its legal capacity. Plaintiff fails to state what it was about this letter, other than it was sent, that otherwise confused her or violated the act. Even the least sophisticated consumer is "bound to read collection notices in their entirety" *Campuzano-Burgos*, 550 F.3d at 299. Here we do not know what Plaintiff read or interpreted the letter to be other than it coming from an attorney.

By the legal conclusions stated in Plaintiff's complaint it is presumed that Plaintiff is relying on the case of *Lesher v. Law Offices of Mitchell N. Kay, P.C*., 650 F.3d 993 (3d Cir. 2011) as proven by the use of such terms and "legal capacity" and "specter of legal action" which are repeated throughout the decision. However *Lesher* was a specific case involving a settlement letter from a New York attorney on the firm's letterhead which included a disclaimer which read, "At this time no attorney with this firm has personally reviewed the particular circumstances of your account". *Lesher* decided that the specific form of letters in *Lesher* failed

11

to comply with the FDCPA:

> We need not decide whether an attorney debt-collector who sends out a collection letter on attorney letterhead might, under appropriate circumstances, comply with the strictures of the Act by including language that makes clear that the attorney was not, at the time of the letter's transmission, acting in any legal capacity. The only question before us today is whether the Kay Law Firm's January 11 and February 15, 2009 letters to Lesher comply with the act.

*Id*. at 1003. In *Lesher,* the disclaimer was on the back of the letter which was the critical distinguishing factor for the court in its holding that the disclaimer was inadequate. *Id*. at 1003.

Even if Plaintiff were to amend her complaint and allege there was a disclaimer, courts have declined to apply *Lesher* when the disclaimers appeared on the front of a letter. In *Eddis v. Midland Funding,* LLC, 2012 U.S. Dist. LEXIS 22193, *24 (D.N.J. Feb. 22, 2012), the court held that "since Defendant's disclaimer appears on the front of the letter, in the body of the text and in the same font, Defendant has not made a false representation or implication that the letter is from an attorney with meaningful involvement as an attorney in the debtor's case." The court further rejected the plaintiff's argument that *Lesher* "deems such a disclaimer as an automatic FDCPA violation." Id. at *22. Similarly, in *Davis v. Lyons, Doughty & Veldhuis, P.A*., 2012 U.S. Dist. LEXIS 53665, *8 (D. Del. Apr. 17, 2012) the court approved a similar disclaimer and held that "Defendant's letter cannot be reasonably read to imply an attorney is involved when the letter says that one is not."

Plaintiff here fails to allege whether the Letter even had a disclaimer let alone whether it was on the front or back of the letter. Plaintiff has failed to set forth any facts to support that the Letter in anyway violated §1692e(3) other than to conclude that it failed to establish the legal capacity of the Hanna law firm. What the letter said which resulted in the Plaintiff making her conclusions is a mystery, but more importantly a fatal deficiency in her pleadings. Plaintiff's

claims under §1692e(3) must be dismissed with prejudice.

> 3. *Plaintiff has Failed to Allege what the False or Misleading Representations were in the Letter*

Continuing down the bizarre and idiosyncratic trail forged by Plaintiff's complaint, Plaintiff also contends that the Letter falsely threatens to take action that cannot legally be taken or that is not otherwise intended to be taken in violation of 15 U.S.C. §1692e(5). However, nothing in the Plaintiff's complaint discloses any threats made in the letter other than the Letter was sent.

A letter from a law firm does not imply that legal action is on its way. *Crenshaw v. Computex Info. Servs.*, 2011 U.S. Dist. LEXIS 46309, 26-28 (D.N.J. Apr. 29, 2011). Numerous courts have held that the mere sending of a letter by an attorney does not constitute a threat of litigation. In *Kapeluschnik v. Leschack & Grodensky, P.C.,* 1999 U.S. Dist. LEXIS 22883, *18-19 (E.D.N.Y. 1999), the court rejected the plaintiff's argument that "any consumer knows that there is an implied threat that a lawsuit may be forthcoming when a consumer receives a letter from a lawyer" and requiring "more than the fact that a collection letter is from an attorney to find a section 1692e(5) violation." The same argument Plaintiff advances here was labeled "frivolous" by the court in *Sturdevant v. Thomas E. Jolas, P.C.,* 942 F. Supp. 426, 430 (W.D. Wis. 1996). See also *Veillard v. Mednick,* 24 F. Supp. 2d 863 (N.D. Ill. 1998) ("[T]he mere inference that legal action could be taken because the letter is on law firm letterhead is not enough for 1692e(5)."); *Abels v. JBC Legal Group, P.C.*, 428 F. Supp. 2d 1023, 1028 (N.D. Cal. 2005) ("Courts reaching the specific issue of whether law firm letterhead is sufficient to constitute a violation of 1692e(5) have answered in the negative). In this case, the allegation that the letters are on law firm letterhead is, as a matter if law, insufficient to constitute an implicit threat of litigation.

To the extent that Plaintiff is trying to argue that the letter came from an out-of state lawyer, that argument fails and no amendment can cure that deficiency as well. In *Sturdevant* the court held that the failure of the attorney to be a member of the bar where the letter was sent was not a violation of the FDCPA. In *Sturdevant*, the attorney who sent the letter was not licensed to practice in the State of Wisconsin, just as the members of Hanna are not admitted in New Jersey. Absent a specific threat, the court refused to hold that the mere sending of the letter violated the FDCPA. *Id.*

Furthermore, in *Cohen v. Wolpoff*, 2008 U.S. Dist. LEXIS 77052, at *19 (D.NJ 2008), this District Court rejected claims that letters from out of state attorneys could violate the FDCPA. The *Cohen* Court noted:

> The regulation of the practice of law is a matter of concern to the states which regulate it…It appears to this Court that, to the contrary, questions of multi-jurisdictional law practice are quite remote from the stated purpose of Congress in enacting the FDCPA: "It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). There is nothing in this statement of purpose, nor has Plaintiff pointed to anything, that suggests that Congress included within the scope of abusive practices multi-jurisdictional collection efforts by attorneys.

Id. at *20. (Emphasis added).

Finally, when it enacted section 1692e, Congress determined that some – but not all – false "implications" would subject debt collectors to liability. Thus, a false representation or "implication" will trigger liability in the following circumstances as to only these subdivisions of section 1692e:

(1) The false representation or **implication** that debt collector is vouched for . . . ;

 (3) The false representation or **implication** that any individual is an attorney . . . ;

 (4) The representation or **implication** that nonpayment of any debt will result in arrest . . . ;

 (6) The false representation or **implication** that a sale, referral or other transfer of any interest in a debt . . . ;

 (7) The false representation or **implication** that the consumer committed any crime . . .;

 (12) The false representation or **implication** that accounts have been turned over to innocent purchasers for value.;

 (13) The false representation or **implication** that documents are legal process.;

 (15) The false representation or **implication** that documents are not legal process forms . . .;

 (16) The false representation or **implication** that a debt collector operates or is employed by a consumer reporting agency . . . .

15 U.S.C. §§ 1692e(1, 3, 4, 7, 12, 13, 15 & 16) (emphasis added).

In contrast, Congress opted not to prohibit "implications" in section 1692e(5) as well as subdivisions (2), (8), (9), (10), (11) and (14). [2] The word "implication" is not present in any of

---

[2] Those subsections prohibit: "(2) The false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which maybe lawfully received by any debt collector for the collection of a debt.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to

those subdivisions, and is not even present in the preamble of section 1692e, which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . .

15 U.S.C. § 1692e.

In short, Congress chose not to include an "implied" threat of legal action in section 1692e(5). If Congress had wanted to do so, it would have written the subdivision differently, and consistent with other subdivisions, by including the word "implication" in section 1692e(5). See *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005). By including the word "implication" in some parts of the statute, but not others, it must be "'presumed that Congress act[ed] intentionally.'" See *Id*. (quoting *Rusello v. United States*, 464 U.S. 16, 23 (1983)). Thus, only a communication with language connoting an explicit threat of litigation will expose a debt collector to liability under section 1692e(5). Plaintiff provides none here.

Plaintiff's complaint lacks any factual support for any violation of §1692e(5) nor states what the explicit threat of legal action was to have been. Plaintiff's claims under §1692e(5) must also be dismissed with prejudice.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's complaint must be dismissed with prejudice. Further, Plaintiff should not be giving the opportunity to amend her complaint. As explained above, any attempts to correct these blatant deficiencies, especially in order to state a claim

---

collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

15 U.S.C. §§ 1692e(2, 8, 9, 10, 11 & 14).

under §§1629e(3) & (5) would be equally futile. "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc*., 863 F.2d 289, 292 (3d Cir. 1988) (citation omitted).

This Court has been careful not to automatically grant leave to amend in similar cases regarding the identical complaints that are so lacking in specific facts. See, *Ortiz v. Equable et al*, 2012 U.S. Dist. LEXIS 69669 (D. N.J, May 17, 2012, Civil Action  No 11-5959) ("The Court is unable to determine whether an amendment to the Complaint would cure the deficiencies … therefore the Court will not automatically grant Plaintiff leave to amend) citing *Philips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *Foman v, Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (Rule 12(b)(6) should be freely given in the absence of any declared reason such as the futility of the proposed amendment). The same consideration must be given here.

                              Respectfully Submitted,
                              **MAURICE & NEEDLEMAN, P.C.**

                              */s/ Joann Needleman*
                              Joann Needleman, Esq
                              935  One Penn Center
                              1617 JFK Blvd
                              Philadelphia, PA 19103
                              Direct (215) 789-7151
                              Fax (215) 563-8970
                              joann@mnlawpc.com
                              *Attorney for Defendant, Frederick J. Hanna*
                              *& Associates,  P.C.*

Date: July 3, 2012

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct of the foregoing Motion to Dismiss the Plaintiff's Complaint was served on this date via the electronic filing system and regular mail, postage-prepaid, addressed to the following:

ARYEH POMERANTZ
BENJAMIN NAZMIVAL LAW GROUP, P.C.
209 MAIN STREET, SUITE 3A
FORT LEE, NJ 07024


               /s/ JOANN NEEDLEMAN
               _____
               JOANN NEEDLEMAN (74276)

Dated:  July 3, 2012